ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 OCT 19 PM 3:47
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA   *
      *
v.   *   CR 111-0366
      *
KESHON BARKIM MCWILLIAMS   *

O R D E R

On June 18, 2012, Defendant Keshon Barkim McWilliams was found guilty following a bench trial of possession of a firearm by a convicted felon. The Court imposed a sentence of 112 months on November 13, 2012. The Eleventh Circuit Court of Appeals affirmed his conviction and sentence in 2013. Defendant has never filed a habeas corpus petition under 28 U.S.C. § 2255.

On October 18, 2016, this Court received a letter motion from Defendant, in which he seeks a copy of his trial transcript, full discovery, sentencing transcript, "complete district record," and a docket sheet. (Doc. No. 57.) He claims that these documents would be helpful to him in "researching" his case. (Id.)

An indigent defendant does not have an absolute constitutional right to a free copy of his transcript or other

court records for use in a collateral proceeding.[1] <u>Jefferies v. Wainwright</u>, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); <u>see also</u> <u>United States v. MacCollom</u>, 426 U.S. 317 (1976). Rather, to obtain a free transcript a defendant must show that the transcript is necessary to decide an issue presented by suit or appeal. <u>See</u> 28 U.S.C. § 753(f) (A defendant may receive a free transcript only if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."). A defendant does not have the right to a free transcript simply to search for possible error. <u>Colbert v. Beto</u>, 439 F.2d 1130 (5th Cir. 1971).[2]

Here, Defendant does not have a pending collateral proceeding and thus, he is not eligible for a free transcript. Moreover, Defendant provides no specific reason for obtaining the transcript or any other document.[3] Accordingly, his

---

[1] The Court assumes Defendant is seeking the requested documents at no cost because he is indigent and he has not indicated a willingness to pay for the material.

[2] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] The Court's criminal case file does not contain discovery documents and therefore could not be provided in any

motion to receive a copy of these materials (doc. no. 57) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_18th\_\_\_ day of October, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

event.